UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARY KATHERN LAWRENCE,  )<br>  )<br>    Movant,  )<br>  )<br>v.  )<br>  )<br>UNITED STATES OF AMERICA,  )<br>  )<br>    Respondent.  ) | No. 1:12CV211 CDP |

### MEMORANDUM AND ORDER

Movant's correspondence to the undersigned is before the Court in which she seeks a reduction and/or modification of her criminal sentence. The Court has construed movant's correspondence as a motion and it is now properly before the Court.

Movant is an inmate at the Greenville Federal Prison Camp in Greenville, Illinois. For the reasons set forth below, the Court will grant movant thirty (30) days from the date of this Memorandum and Order either to withdraw the instant motion, or to consent to the Court's reclassification of the motion as one brought under 28 U.S.C. § 2255.

### Background

On August 14, 2006, movant pleaded to a violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(viii) and 846, conspiracy to distribute 50 grams or more of

methamphetamine and possession with intent to distribute 500 grams or more of methamphetamine.  On November 21, 2006, movant was sentenced to 108 months' imprisonment on each of two counts, to be served concurrently, and three years of supervised release.  See U.S. v. Lawrence, 1:06CR89 CDP (E.D. Mo.).  Movant failed to appeal her conviction.

On November 23, 2007, movant filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255.  On November 9, 2009, the Court denied movant's motion to vacate.  See Lawrence v. U.S., 1:07CV170 CDP (E.D. Mo.).

On February 15, 2012, movant filed a motion for "departure from the sentencing guidelines" in her criminal case, seeking a reduction in her criminal sentence.  The Court denied her request on July 3, 2012, noting that it had "no jurisdiction or authority to reduce her sentence at this time."

**Motion to Reduce or Modify Sentence**

In her motion to reduce or modify her sentence currently before the Court, movant again seeks a reduction or modification of her sentence based on post-offense rehabilitation, or any other reductions that could apply to the current amendments to the United States Sentencing Guidelines.  Once again, the Court must find that it lacks authority to order the government to file a Rule 35 motion,

and the "downward departure" she seeks is only something that could have been considered at sentencing, not six years later. The Court simply has no authority to grant movant the relief she seeks. Thus, movant's motion is subject to dismissal.

However, as movant is also seeking a "sentence modification" in addition to a "sentence reduction," the Court will allow movant an opportunity to reclassify her petition as one brought under 28 U.S.C. § 2255 if she so chooses. See Morales v. United States, 304 F.3d 764, 765 (8th Cir. 2002). As movant has already filed a § 2255 motion regarding her conviction, the Court warns movant that reclassifying her petition could result in a dismissal of her petition as second or successive.[1] Cf. Morales, 304 F.3d at 765. Consequently, before reclassifying the instant action as a § 2255 motion, the Court will offer movant an opportunity either to withdraw her motion or to consent to the Court's reclassification of the motion as a motion to vacate brought under 28 U.S.C. § 2255.

In accordance with the foregoing,

---

[1] Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitation period to petitions for writs of habeas corpus.

**IT IS HEREBY ORDERED** that petitioner shall be granted thirty (30) days from the date of this Memorandum and Order either to withdraw the instant motion to reduce or modify sentence or to consent to the Court's reclassification of the motion as one brought pursuant 28 U.S.C. § 2255. Movant shall advise the Court of her choice, in writing.

**IT IS FURTHER ORDERED** that of movant decides to pursue this action under 28 U.S.C. § 2255, she shall file an amended motion to vacate on a court-provided form within thirty (30) days of the date of this Memorandum Order.

**IT IS FURTHER ORDERED** that the Clerk shall mail to movant a copy of the Court's form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

Dated this 2nd day of January, 2013.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE